Brown, District Judge.
The libelant was master of the yacht Alva, the property of the respondent Vanderbilt, at the time of the collision between her and the steamship H. F. Dimock in Vineyard sound, ón the morning of July 24, 1892. The yacht was so damaged by the collision that she sank and became a wreck. The libel alleges that before collision she was of the value of $800,000; that her wreck was of very small value, realizing on the sale at public auction only $3,500; that the collision was by the fault of the steamer; that the libelant thereby suffered the loss of his personal property on board to the amount of $1,306.80; that divers other persons, besides the libelant and the owner of the yacht, suffered loss and damage to their property on board; that the loss and damage aforesaid were without the privity or knowledge of the steamship company; that its liability is limited to the value of the steamer and her freight, which was insufficient to pay the damages sustained by the libelant and others; and that the value of the Dimock and freight exceeded $200,000. The relief prayed for is that the steamer be arrested and brought .into court; that the whole amount of the losses and damages suffered through the collision be ascertained, as well as the value of the steamer; and that the proportionate amount of each damage *599 claimant may be ascertained and paid from the proceeds of the ship and freight. The libel was filed on September 30th, and on the same day the steamer was arrested under process issued to the marshal.
Such a proceeding by one creditor in behalf of all to obtain the relief afforded by the act limiting liability, though infrequent, is in accordance with the provisions of section 4284 of the Revised Statutes, as interpreted by the supreme court in the case of The Scotland, 105 U. S. 24, 33—35, this being one of the four modes in which the statute may be availed of, viz.: (1) By the simple answer of the shipowner when sued; (2) by his libel or petition, offering a transfer of the ship to a trustee appointed by the court under section 4285; (3) by a similar libel or petition offering instead of a transfer of the ship, a stipulation, under rule 54 of the supreme court in admiralty, to pay her value as appraised under the order of the court, or a deposit in court of the amount of such appraised value; or (4) by a creditors’ suit for an apportionment and pro rata distribution, as in the present case. See The North Star, 106 U. S. 17, 27,1 Sup. Ct. Rep. 41; Providence & N. Y. S. S. Co. v. Hill Manuf'g Co., 109 U. S. 578, 591-595, 3 Sup. Ct. Rep. 379, 617.
A motion is now made to dismiss the libel, upon the ground that proceedings to limit liability had already been duly taken by the owners of the steamship in the district court of Massachusetts on the 16th of August last, in which court a stipulation for value was given after appraisement, and that that court has full jurisdiction of the cause, where it is now pending, and in which an injunction order, restraining all other suits, was issued on the 17th of August; of all which the libelant had notice before this libel was filed.
If the district court of Massachusetts had jurisdiction to issue the restraining order, or, what is the same thing, if it had full possession of the cause by a proper appraisement and stipulation given in conformity with the fifty-fourth rule of the supreme court in admiralty, then the relief of all persons interested must be sought in that court alone, and the present libel, being improperly filed, should be dismissed.
For the libelant it is contended that the district court of Massachusetts never acquired full jurisdiction or authority to issue any restraining order, because it is said (in the language of Ex parte Slayton, 105 U. S. 451, 452) that neither the monition nor the injunction could “properly issue either under the operation of the supreme court rules, or otherwise, until jurisdiction of the res had been in some way secured;” and that jurisdiction of the res was not secured in the Massachusetts court,— because the vessel had never been arrested by, nor surrendered to, that court, nor had any stipulation been given for its proper value, as a substitution for the res, under the 54th rule, since the stipulation was given in an ex parte proceeding, without notice of the application, or of the proceeding for appraisement, having been given, or attempted to be given to any creditor, although Mr. Vanderbilt, the principal creditor, was named as a defendant in that libel, and the appraisement being for less than half the value of the vessel. The appraisement of the vessel was *600 $80,000, and of freight $2,395.33. The present libel alleges their value to have been $200,000; while in the shipowner’s petition their value was stated to be “less than $150,000.” If the latter averment affords any clue, the appraisement was altogether inadequate. Such mode of procedure for appraisement, it is claimed, is not a “due appraisement,” and not a compliance with the conditions of the fifty-fourth rule, upon which alone that court was authorized to take any further proceeding in the-cause.
No doubt the creditors have a right, under the statute, to have the vessel and its full value applied upon their claims. The statute only provides in terms for a transfer of the vessel herself. Rule 54, in providing for the giving of a stipulation as a substitute for the vessel, was not designed to deprive a creditor of any substantial right. It should not, I think, be interpreted so as to compel him to accept an inferior-substitute, through a purely ex parte appraisement, or one in which creditors can never be heard and have their proper day in court. The appraisement, as fixing the amount of liability, is a vital part of the proceeding. The vessel, if liable, is virtually the property of the creditors. The substitution of a stipulation allows the shipowner, in effect, to appropriate to himself the creditor’s property, and to give an obligation in place of it. To deprive the creditor finally of due hearing, and of a proper defense of his interests, in the appraisement and in fixing the amount of the substituted stipulation, which is to limit the possible amount of recovery, would be, as it seems to me, to deny him a hearing on the most vital part of his case, and a violation of the principles of common right. Windsor v. McVeigh, 93 U. S. 274, 280. If, therefore, the original ex' parte appraisement and stipulation were a finality, not capable of subsequent inquiry or correction by the court on due application, if inadequate, I should have great doubt whether such an appraisement could' be deefned a “due appraisement,” within the meaning of the fifty-fourth rule, so as to authorize the court to take the further proceedings authorized by that rule. But it is competent for the court, I think, having had an appraisement on an ex parte application, to order a reappraisement and further security upon application by any creditor, showing that the previous appraisement was mistaken and inadequate, and that the duty of the appraisers had been inadequately performed. See The Union, 4 Blatchf. 92, 94; Dist. Ct. Rule 55. This procedure would in most cases probably answer the ends of justice, though difficulties might occasionally arise. The vessel after an ex parte appraisement and stipulation given thereupon, might, as in the present case, at once depart from the jurisdiction; and she might never afterwards return, either from occupation abroad, or from subsequent loss; or she might be sold, or be subjected to new lien proceedings meantime. On the other hand, as the proceeding to limit liability may be lawfully instituted within the jurisdiction where the vessel is, it would be a great embarrassment, when the creditors were all in a different jurisdiction, if no appraisement could be taken at all until absent parties were legally *601 brought in by publication of process. Often the creditors are numerous; some are not ascertained, and actual notice to all is frequently impracticable.
The matter seems properly to fall, therefore, within the domain of practice, to be regulated by the district courts, in the absence of any express rule of the supreme court, as the interests of justice seem to demand. As rule 54 of the supreme court does not in terms require any notice to creditors of the original appraisement and stipulation, I am not prepared to hold that the “due appraisement” provided for by that rule, may not be, in the first instance, an ex parte one, to be supplemented thereafter, if unsatisfactory, by further inquiry on the application of the creditor.
For many years in this district, and in the eastern district, it has been the practice to require the names of the principal creditors to be stated in the petition, and a reasonable notice to be given by mail, or otherwise, to a sufficient number of creditors to afford a practical opportunity for the protection of their interests in the original appraisement and stipulation. In some other districts, including that of Massachusetts, the practice seems to be otherwise. As the creditor upon application is entitled to relief for any inadequacy of an ex parte appraisement, and the proceeding may fairly be said to fall within the department of practice, I cannot hold the want of notice in this instance to constitute a jurisdictional defect in the appraisement and stipulation, such as to render void the subsequent order for the issuing of a monition and other subsequent steps in the cause, including the injunction against all other suits for which the fifty-fourth rule provides, upon the analogy of the provision of the statute in the case of a transfer of the vessel, under section 4285. For this reason I must hold the prior proceeding in the Massachusetts district to be valid, and the present libel, therefore, improperly filed. It should, therefore, be dismissed. Motion granted.