In re WRIGHT & COBB LIGHTERAGE CO.
No. 12206.

District Court, E. D. New York.
Jan. 9, 1933.

See, also, 42 F.(2d) 480.

Zimmerman & Zimmerman and Burlingham, Veeder, Fearey, Clark & Hupper, all of New York City, for the motion.

Alexander, Ash & Jones, of New York City, opposed.

BYERS, District Judge.

The claimant, in a limitation proceeding now pending before the commissioner appointed "to take proof and to report to this Court * * * his findings as to the amount or value of the petitioner's interest in the steam tug * * * and the amount of the claimant's damages," seeks by this motion to induce the court to reverse a ruling of the commissioner, touching the order of proof before him, as to the value of the petitioner's interest in the vessel.

The question of practice presented is deemed to be of sufficient importance to enlist the affidavits of three well-known proctors not interested in the pending cause, and will be seen to possess a certain degree of practical importance in limitation proceedings.

There is no reported ruling upon the subject.

This proceeding was initiated by the usual petition filed December 23, 1930, in article Tenth of which the averment was that the value of the petitioner's interest in the steamtug Bushby did not exceed $2,015.30. Appraisal was asked, and also the entry of an order directing the petitioner to file a stipulation for the payment into court of the amount of the interest; and that, upon the filing thereof, or the giving of an ad interim stipulation, the usual injunction issue.

On December 31, 1930, an order for an ad interim stipulation was signed, based upon affidavits of two persons setting forth their opinions as to the value of the vessel. That order provided that, upon the filing of a report by a commissioner named to appraise the petitioner's interest, any party might apply to have the amount increased or diminished.

Separately and simultaneously an order was entered referring to a commissioner therein named the duty of taking proof of petitioner's interest, and filing a report thereon; and further that the said value, when finally appraised and approved, be paid into

the registry of the court or covered by adequate stipulation.

Also, on the same day, the usual restraining order was signed and filed, which recited the petition, the affidavits of value, and the ad interim stipulation.

The claimant filed answer, raising an issue as to the value of the petitioner's interest.

The statement is made, in claimant's brief, that the petitioner took no steps to prove the value of its interest, and that the cause proceeded to trial, with the result that exoneration was denied, and the claimant awarded half damages.

█ Assuming that there was no inquiry conducted by the commissioner appointed in the order directing the making of an appraisal, it will be seen that the only information concerning the value of the petitioner's interest in the vessel, now before the commissioner appointed to function pursuant to the interlocutory decree, is that contained in the affidavits made and filed on December 31, 1930.

The petitioner asserts that the ad interim stipulation, based upon those affidavits, constitutes its prima facie proof of the value of its interest, and that the duty now rests upon the claimant to offer proof, if any he has, in opposition thereto.

Such a position imputes to ex parte affidavits a status which would not be accorded to witnesses called to testify before the commissioner of appraisal, for they would be subject to cross-examination; if they failed to survive it, and the commissioner should call upon the petitioner to offer further testimony on the question of the value of the petitioner's interest, it is clear that such requirement would have to be met.

Therefore, in the proceedings before the commissioner appointed to appraise, it is clear that the duty to open the proof would rest upon the petitioner, as it would if the court were to conduct the hearing initially.

The appointment of the commissioner to appraise would seem to invite the making of a report by him to the court, which, upon confirmation, would become a finding of fact, as to the value of the petitioner's interest.

Doubtless, if that finding were to be assailed on the hearing before the commissioner designated in the interlocutory decree, the burden in that behalf would rest upon the claimant.

If, however, there has been no hearing before the commissioner named in the order of December 31, 1930, and hence there has been no appraisal of the value of the petitioner's interest, the duty of appraisal remains unperformed at the present, and has been transferred to the commissioner now functioning.

That which was the petitioner's duty before the commissioner of appraisal has not been cancelled by lapse of time, or of effort to comply with the requirements of the order appointing a commissioner to appraise.

This is perhaps an unnecessarily prolix way of stating that an ad interim stipulation is not an appraisal.

In the instant proceeding, the commissioner instructed the claimant, against his objection, to open on the question of the value of the petitioner's interest, and he has done so, to the extent that his first witness is still under direct examination, an adjournment having been taken during its progress. At the second hearing, and through new counsel, the claimant sought a reconsideration of the ruling made at the outset; upon the commissioner's adherence to his first ruling, the proceedings were adjourned to admit of the presentation of this motion, which is to compel the petitioner to open with its proof on the subject of the value of its interest.

What has been said will indicate the view of the court as to the proper order of proof.

Nothing decided in The H. F. Dimock (D. C.) 52 F. 598, is at variance with the practice herein suggested.

That decision was that the District Court in Massachusetts was competent to prescribe the rule there to govern such appraisals, and the failure of such rule to provide for notice to creditors did not rob the appraisal of its status as such, and as a result the libel in the Southern District of New York was dismissed.

The function of a commissioner in admiralty to direct "the mode in which the matters requiring evidence shall be proved before him" (Equity Rule 62 and Admiralty Rule 43 [28 USCA § 723]) is not intended to be restricted or hampered by this decision. The rule has been uniform not to entertain any action whatever touching matters of form or substance in a proceeding pending before a commissioner, all of which are reserved for consideration on exceptions to a report. The departure from that rule in this instance is not to be construed as a precedent for any purpose, and has been permitted in this instance only to settle a matter of practice for reasons which apply to this proceeding alone.

 The fact that the claimant has yielded to a ruling by offering proof against his objection, which he has renewed and now presses in the manner shown, cannot be construed into acquiescence so as to deprive him of the right to have the court pass upon his contention. The misgiving on this subject expressed by the court, on the argument of the motion, has yielded to reflection.

Motion granted.

Settle order on notice.

The foregoing has been submitted to the other judges of this court, and they authorize the statement that the conclusion announced has their approval.