## THE ONTARIO NO. 1.

### ONTARIO CAR FERRY CO., Limited, v. RICE et al.
### No. 147.

Circuit Court of Appeals, Second Circuit.

Dec. 9, 1935.

Stanley & Gidley, of Buffalo, N. Y. (Arthur E. Otten, of Buffalo, N. Y., of counsel), for appellants.

Mann, Strang, Bodine & Wright, of Rochester, N. Y. (A. V. Cherbonnier and Robert S. Erskine, both of New York City, and William C. Combs, of Rochester, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

On the night of September 7, 1934, the petitioner's vessel, Ontario No. 1, was involved in an accident on Lake Ontario which resulted in personal injury to a number of passengers. Numerous actions were commenced against the petitioner in the state court. On October 19, 1934, the petitioner filed in the court below its petition for exoneration from liability or limitation of liability, and prayed that due appraisement be made of the petitioner's interest in said vessel and her passage money for the voyage, that a stipulation with surety for the amount thereof be accepted, that upon the filing of an ad interim stipulation an injunction issue against the prosecution of actions against the petitioner, and for other relief. Affidavits were presented to establish the value of the vessel. The court forthwith ordered that an ad interim stipulation be filed and, upon its filing, ordered a reference for appraisal, appointed a commissioner to receive proof of claims, and directed the issuance of a monition and injunction. Some six weeks later the claimants moved for an appraisement of the vessel. The petitioner countered with a motion for leave to file a supplemental petition offering to transfer its vessel to a trustee for the benefit of claimants and asking to have its ad interim stipulation canceled. The claimants thereupon withdrew their motion for appraisement and contested the petitioner's motion on the ground that it had made an irrevocable election to substitute its ad interim stipulation in lieu of surrendering its vessel. It was stipulated that the condition of the vessel on the date when the petitioner offered to surrender was the same as on the date of the accident. The District Court granted the petitioner's motion and on March 22, 1935, entered the order appealed from. It directed that the supplemental petition be filed nunc pro tunc as of the date of filing the original petition, that upon such filing the order issued upon the original petition with respect to monition, injunction, and proof of claims stand as the order under the supplemental petition, that the petitioner transfer the vessel and passage money to a named trustee, and that upon such transfer the ad interim stipulation be canceled and discharged. Proceedings under the order have been stayed pending the appeal.

■ A question as to appellate jurisdiction is raised by the appellee's contention that the order is not a "final decision" within 28 U.S.C.A. § 225. However, as the order continued the injunction against prosecuting suits it is clearly appealable under 28 U.S.C.A. § 227.

■■ On the merits the appeal presents a case of first impression. Limitation of liability rests upon the Act of March 3, 1851 (46 U.S.C.A. § 183). The right may be availed of by the owner by transferring to a trustee his interest in the vessel and her pending freight. 46 U.S.C.A. § 185. Although the statute provides in terms only for the transfer of the vessel, the Admiralty Rules of the Supreme Court provide for the giving of a stipulation as a substitute for surrender of the vessel. Rule 51 (28 U.S.C.A. following section 723, Admiralty Rules). The validity of the procedure thus provided is beyond question. Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U.S. 578, 593, 3 S.Ct. 379, 617, 27 L.Ed. 1038. Rule 51 declares that when the owner of a vessel files a petition for limitation of liability, the court having "caused due appraisement" to be had of the value of the owner's interest shall make an order for the payment of the same into court or for the giving of a stipulation with surety for the payment thereof; or, if the owner shall so elect, the court shall, without such appraisement, make an order for the transfer by the owner of his interest in the vessel and freight to a trustee; and upon compliance with such order the court shall issue a monition, and shall, on the owner's application, restrain the further prosecution of suits against the owner. Thus, under the rule, the owner has the election to surrender his vessel and pending freight or after "due appraisement" to pay the amount thereof into court or give bond so to do. Not until he has elected which he will do and obtained and complied with an order directing him to do it, can he procure the issuance of a monition bringing creditors into concourse and an injunction restraining the prosecution of suits. Having once taken his position and thereby secured those benefits, its seems obvious that his election should be irrevocable. There is a dictum to that effect in Ohio Transp. Co. v. Davidson S. S. Co. (C.C.A. 7) 148 F. 185, at page 187, certiorari denied 203 U.S. 593, 27 S.Ct. 782, 51 L.Ed. 332, where Judge Baker said: "Undoubtedly, if the 'due appraisement' of the rule were had and accepted by the owner, and if the court should thereupon order payment into the registry or the giving of a stipulation, the owner would be bound by that method of surrender and its consequences." There, however, although there had been an appraisement, the court had not confirmed it, nor had the petitioner filed any stipulation for the payment thereof; hence it was not too late by supplemental petition to offer to transfer the vessel to a trustee.

■ We do not understand that the appellee takes issue with the above-quoted dictum. Its position is that an ad interim stipulation given on order of court after an ex parte appraisement on affidavits is neither the stipulation nor the·"due appraisement" provided for in the rule, and hence should not constitute a final election such as might preclude a surrender of the vessel. Although the rule is silent on the subject, a practice of long standing has grown up that the owner may obtain ex parte the issuance of a monition and injunction if he posts an ad interim stipulation in an amount approved by the court after examining affidavits presented by the petitioner. The ad interim stipulation is conditioned upon payment of the named sum or the giving of another stipulation for the amount required by the court after further inquiry; and pending performance of the condition it stands as security for all claims. This practice was considered and approved by Judge Brown in The H. F. Dimock (C.C.S.D.N.Y.) 52 F. 598. While there was a suggestion by the Supreme Court that the making of the appraisement ex parte and the taking of the ad interim stipulation might be "an irregularity which the District Court could correct" (In re Morrison, 147 U.S. 14, 34, 13 S.Ct. 246, 253, 37 L.Ed. 60), we think the propriety of the practice was fully recognized in Hartford Accident Co. v. Southern Pac. Co., 273 U.S. 207, 218 et seq., 47 S.Ct. 357, 71 L.Ed. 612, where recovery was allowed upon the ad interim stipulation. We can see no reason why such ex parte appraisement should not be "due appraisement" if the claimants are thereafter given an opportunity to be heard and to raise the amount. Though there is a short time during which the claimants are being stayed without an opportunity for appraisement inter partes,

they are protected by the requirement of affidavits of value and the court's scrutiny thereof before issuing the monition and injunction. There is a persuasive practical argument for considering it "due appraisement," for, unless it be, nothing could be done but file the petition for limitation and wait for an appraisement inter partes. If it is "due appraisement," as we hold, then the petitioner's election to give security instead of surrendering the vessel is final and irrevocable. This is as it should be. Having obtained his injunction on this basis, there is no just reason why he should be permitted to surrender his vessel in order to gamble on the chance that he might be able to buy it back for less than the amount of his stipulation.

The order is reversed.