THE GALE.

In re BAY STATE FISHING CO.

No. 720.

District Court, D. Massachusetts.

Dec. 13, 1937.

A. F. Christiansen, of Boston, Mass., for petitioner.

Harry Kisloff, of Boston, Mass., for claimant Albert Noseworthy.

McLELLAN, District Judge.

The claimant moves in writing that the court "refer the matter of the final appraisement of the steamship Gale, its engines, boats, gear, stores, furnishings and gross interest of the libelant in the catch as of the end of the voyage following the accident of January 10, 1936, to Fitz-Henry Smith, Esquire."

Before the filing of this motion, the following steps had been taken: On June 7, 1937, the owners of the Gale filed a petition for limitation of liability, alleging that while at sea on January 10, 1936, one Albert Noseworthy received injuries aboard the Gale, as a result of which he has since obtained a verdict in an action at law; that the accident occurred without the privity or knowledge of the owners; that the Gale was in seaworthy condition at the time; that the value of the Gale did not exceed $1,000; that the petitioner had no interest in the fish aboard at the time; and asking that due appraisement be made of the petitioner's interest in the Gale at the end of the voyage in question, that the court order a stipulation filed for the payment of the petitioner's interest in due course, and order a monition to issue and that an injunction restraining suits against the petitioner upon filing of a stipulation or an ad interim stipulation; and that the court

grant a decree limiting the liability of the petitioner. The same day an order was entered for an ex parte appraisement upon oath by an expert appointed by the court. On June 9, 1937, the appraiser filed his report, setting the value of the Gale and appurtenances and her pending freight at the time of her arrival in Boston after the accident referred to in the petition at $1,200. On June 22, an order was entered for giving a stipulation for $1,200, and upon the following day the stipulation being filed, the court entered an order for a monition, appointing a commissioner to receive claims, and restraining suits against the owners of the Gale. The claimant Noseworthy, whose claim was duly filed with the commissioner, was the only claimant. He filed an answer to the petition, denying the petitioner's right to limitation of liability and denying that the value of the Gale was as stated therein.

As to the procedure to be followed, the act, Rev.St. § 4285, as amended June 5, 1936, § 3, Title 46 U.S.C.A. § 185, provides:

"The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court, his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of the title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease."

The relief provided by the act is conditioned upon the owner first surrendering either his vessel or its value in money or approved security. The act is silent, however, both in its present form and prior to the amendment, as to the means to be followed for ascertaining the amount to be surrendered. This question is answered only in part by Admiralty Rule 51, 28 U.S. C.A. following section 723, which provides:

"The said owner or owners shall and may file a libel or petition in the proper District Court of the United States, as hereinafter specified, setting forth the facts and circumstances on which said limitation of liability is claimed, and praying proper relief in that behalf; and thereupon said court, having caused due appraisement to be had of the amount or value of the interest of said owner or owners, respectively, in such ship or vessel, and her freight, for the voyage, shall make an order for the payment of the same into court, or for the giving of a stipulation with sufficient sureties or an approved corporate surety for the payment thereof into court with interest at the rate of six per cent. per annum from the date of said stipulation and costs, whenever the same shall be ordered; or, if the said owner or owners shall so elect, the said court shall, without such appraisement make an order for the transfer by him; * * * and, upon compliance with such order, the said court shall issue a monition; * * * and the said court shall also, on the application of the said owner or owners, make an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims."

The above rule does not indicate what is meant by due appraisement. The practice under this rule differs somewhat in the various districts. In New York the petitioner submits affidavits as to the value of the vessel and her pending freight. The court then permits the filing of an ad interim stipulation on the basis of the value as set forth in the affidavits. Upon filing of such an ad interim stipulation, the court orders a monition, grants an injunction, and orders the matter of final appraisement referred to the commissioner, who proceeds only after notice to all known claimants. See Benedict on Admiralty, § 502. Questions as to value are then apparently presented to the court by means of exceptions to the commissioner's report. See, for an example of this, The Black Eagle, 2 Cir., 87 F.2d 891. In Massachusetts and Maine, on the other hand, it is the practice to order the matter referred immediately to an expert for appraisal ex parte, and not until a stipulation has been entered for the amount as found by him is the monition issued or parties restrained from bringing suit.

Both of these methods have been upheld by the courts, but on the grounds that claimants coming in later may be given a full hearing, and because of the practical impossibility of giving full notice to claimants of any appraisement at the very outset of the proceedings.

On July 24, 1892, the steam yacht Alva was sunk in a collision with the H. F. Dimock engaged in a regular run between Boston and New York. As the Dimock was worth substantially less than the Alva, the owners of the former began proceedings in the District Court of Massachusetts, denying all liability, but asking that if the court should find liability, it be limited to the value of the Dimock and her pending freight. An ex parte appraisement was had in Massachusetts, as in the present case, and upon a stipulation being filed for the appraised amount, a monition was issued, and all other suits ordered stayed. Subsequently, the master of the Alva brought a proceeding in the District Court of the United States for the Southern District of New York, as a creditor for the benefit of all creditors, as permitted to do by the Limited Liability Act, 46 U.S.C.A. § 181 et seq. The owners then filed a motion to set aside the process and to dismiss the libel. This motion was granted, because of the pending Massachusetts case. The Dimock, D.C., 52 F. 598. It was argued for the master that since the appraisal in Massachusetts was ex parte, and without notice to interested parties, it could not be considered due appraisement within the meaning of the rule, and hence that the Massachusetts court was without jurisdiction to proceed further in the case. But the court rejected this contention. After pointing out that the appraisement and stipulation were intended as a substitute for the surrender of the vessel itself, the court said (page 600):

"To deprive the creditor finally of due hearing, and of a proper defense of his interests, in the appraisement and in fixing the amount of the substituted stipulation, which is to limit the possible amount of recovery, would be, as it seems to me, to deny him a hearing on the most vital part of his case, and a violation of the principles of common right. * * * If, therefore, the original ex parte appraisement and stipulation were a finality, not capable of subsequent inquiry or correction by the court on due application, if inadequate, I should have great doubt whether such an appraisement could be deemed a 'due appraisement,' within the meaning of the fifty-fourth rule [predecessor of the present Rule 51], so as to authorize the court to take the further proceedings authorized by that rule. But it is competent for the court, I think, having had an appraisement on an ex parte application, to order a reappraisement and further security upon application by any creditor, showing that the previous appraisement was mistaken and inadequate, and that the duty of the appraisers had been inadequately performed."

The master of the Alva then applied to the Supreme Court for a mandamus to the District Court in New York to vacate its order and to reinstate the libel, and for a prohibition to the District Court in Massachusetts from proceeding further on the petition filed there. The court merely held that the proceedings in Massachusetts were not such as to justify a writ of prohibition. In re Morrison, 147 U.S. 14, 13 S.Ct. 246, 37 L.Ed. 60. The court said, however, 147 U.S. 14, at page 34, 13 S.Ct. 246, 253, 37 L.Ed. 60:

"The making of the appraisement ex parte, and the taking of the stipulation thereupon, were at most an irregularity which the district court could correct. * * * The stipulation stands in the place of the vessel and her freight, leaving to the court its usual power to act, on proper application, in respect to giving a new or further stipulation. * * * The district court for Massachusetts has the whole matter within its control, for the steamship company, by its libel and petition, has submitted itself to the jurisdiction of that court; and, if it should fail to comply with a future order of that court in respect to giving a new or further stipulation, on a further appraisement, that court could stay its further proceedings, deny it all relief, and dismiss its libel and petition."

In The Ontario No. 1, 80 F.2d 85, 87, the Circuit Court of Appeals for the Second Circuit held that where there had been an ex parte appraisement on the basis of affidavits, followed by an ad interim stipulation, there had been a "due appraisement" within the meaning of the rule, so that the owner no longer had an option to surrender his boat. The court said:

"We can see no reason why such ex parte appraisement should not be 'due appraisement' if the claimants are thereafter given an opportunity to be heard and to

raise the amount. Though there is a short time during which the claimants are being stayed without an opportunity of appraisement inter partes, they are protected by the requirement of affidavits of value and the court's scrutiny thereof before issuing the monition and injunction."

It follows from these cases that the procedure followed in Massachusetts constitutes "due appraisement" only because parties may be given an opportunity subsequently to be heard. There can be no doubt of the court's power to order a reappraisement, in view of the language of the Supreme Court in Re Morrison, supra.

It is urged for the petitioner that the claimant's rights will be preserved by taking exceptions to the ex parte appraisal. It is difficult to see how this could be done without involving substantially a new appraisal by the court.

There is some precedent in this district for submitting a case to the commissioner for reappraisal. This was done in The Petition of the Dollar Steamship Line as Owner of the S. S. President Garfield, Admiralty No. 178,[1] cited by the claimant. The procedure in that case, however, was begun by New York attorneys and followed the New York practice as outlined in Benedict. Some such reference must have taken place in The C. H. Northam, 181 F. 985, in this court, as the court heard questions of value on exceptions to a "master's report" apparently filed before hearing on the merits.

The claimant's motion for a reference is granted.

---

[1] No opinion for publication.