### THE FAIRWILL.

### Petition of SANDERS.

### No. 6853.

District Court, E. D. Virginia.

Sept. 28, 1944.

888

Baird, White & Lanning and Vandeventer & Black, all of Norfolk, Va., for petitioner, W. S. Sanders, and the tug Fairwill.

R. Arthur Jett, of Norfolk, Va., for R. C. Huffman Const. Co.

WYCHE, District Judge.

On November 5, 1942, in the Elizabeth River, Norfolk Harbor, the motor vessel Lillian Anne, owned by Eularia M. Gatewood, collided with Dump Scow 72–H in tow of tug Fairwill. The scow was owned by the R. C. Huffman Construction Company and the tug Fairwill by W. S. Sanders. On or about January 30, 1943, the R. C. Huffman Construction Company filed a libel against Eularia M. Gatewood, the motor tug Fairwill and W. S. Sanders to recover collision damages in the sum of $47,500, alleged to have been suffered by the scow. Because the motor vessel Lillian Anne was then under requisition to the Government, the United States was also made a party respondent. On February 12, 1943, Sanders filed a petition for exemption from, and limitation of, his liability under R.S. §§ 4281–4285; 46 U.S.C.A. §§ 181–185.

The petition, following the usual practice, prayed:

(1) That a *due appraisal* be had of the value of petitioner's interest in the tug Fairwill, etc., and that a Commissioner be appointed to make such *due appraisal*;

(2) That an order be entered either for the payment of the appraised value into court or, at the option of petitioner, for the posting of a stipulation for value in the amount of the appraised value, providing for the payment of the appraised value into the court as and when ordered by the Court; and

(3) That petitioner be permitted forthwith to file an ad interim stipulation for the estimated value of the tug Fairwill, as shown in affidavits filed with the petition, "such ad interim bond or stipulation to be continued in force and effect until the value of petitioner's interest in said tug and aforesaid pending freight (charter hire) and stores shall be fully determined and that the petitioner shall thereupon either pay the amount into court or shall enter a proper stipulation therefor, and thereupon cancel, terminate and discharge said ad interim bond or stipulation."

On the same day, following the customary practice, an ad interim stipulation was given for the value of the tug Fairwill at the end of its collision voyage on November 5, 1942, as estimated in affidavits annexed to the petition, to wit, the sum of $14,641.66 with interest at the rate of six per cent. per annum from the date of the collision, November 5, 1942. Thereupon, on February 13, 1943, an order was entered by the late lamented Judge Luther B. Way restraining the prosecution of any claims growing out of said collision except in the limitation proceeding, and directing that a monition issue requiring all persons claiming damages for any loss resulting from said collision to appear before "this Court" and make due proof thereof, and directing the marshal to release the attachment on the tug Fairwill.

W. E. Kyle, Esq., was duly appointed Special Commissioner to take proofs and report to the court his conclusions as to the value of the interest of the petitioner in said tug Fairwill on November 5, 1942. His report, filed on November 26, 1943, found the value of the owner's interest in the tug for the purpose of this limitation proceeding to be $18,030.

No exceptions having been filed to said report, the R. C. Huffman Construction Company, owner of the Scow 72–H, now moves before me for an order confirming the Special Commissioner's report and requiring petitioner to pay into the Registry of the Court, within ten days of the entry of the Order, the said sum of $18,030, plus interest thereon at the rate of six per cent. per annum from November 5, 1942, the date of the collision between the tug Fairwill and the Scow 72-H, or give a stipulation for the payment of said appraised value into court

with interest at said rate from November 5, 1942.

The only matter in controversy before me is the item of interest, it being contended on behalf of the petitioner that the deposit of the appraised value, $18,030, without interest, or the giving of a stipulation for value with sufficient surety for the payment of said appraised value into court with interest at the rate of six per cent. per annum from the date of the *stipulation* would be a fulfillment of his obligation under general Admiralty Rule 51, 28 U.S.C.A. following section 723, which reads in part as follows: "Limitation of Liability—How Claimed. When any ship or vessel shall be libeled, or the owner or owners thereof shall be sued, for any embezzlement, loss, or destruction by the master, officers, mariners, passengers, or any other person or persons, of any property, goods, or merchandise, shipped or put on board of such ship or vessel, or for any loss, damage or injury by collision, or for any act, matter or thing, loss, damage or forfeiture, done, occasioned or incurred, without the privity or knowledge of such owner or owners, and he or they shall desire to claim the benefit of limitation of liability * * * the said owner or owners shall and may file a libel or petition in the proper District Court of the United States, as hereinafter specified, setting forth the facts and circumstances on which said limitation of liability is claimed, and praying proper relief in that behalf; and thereupon said court, *having caused due appraisement* to be had of the amount or value of the interest of said owner or owners, respectively, in such ship or vessel and her freight, for the voyage, shall make an order for the payment of the same into court, or for *the giving of a stipulation with sufficient sureties or an approved corporate surety for the payment thereof into court with interest at the rate of six per cent. per annum from the date of said stipulation* and costs, whenever the same shall be ordered; * * * and, upon compliance with such order, the said court shall issue a monition against all persons claiming damages for any such embezzlement, loss, destruction, damage or injury, citing them to appear before the said court and file their respective claims at or before a certain time to be named in said writ, not less than 30 days from the issuing of the same; and public notice of such monition shall be given, * * * ; and the said court shall also, on the application of the said owner or owners, made an order to restrain the further prosecution of all and any suit or suits against said owner or owners in respect to any such claim or claims." (Italics added.)

Counsel for the Construction Company contends that, since Rule 51 permits the issuance of a monition and restraining order only after due appraisement and deposit of the appraised value into court, or, at the option of petitioner, the execution of a bond for its payment into court, the stipulation referred to in the rule, which is to carry interest from its date, is the ad interim stipulation and not the stipulation to be given after appraisement by the Commissioner, and hence, the Court may in its discretion require a bond for value with interest from the date of the collision or from the date of the ad interim stipulation.

No case has arisen in which the question here presented has been directly decided. Rule 51 does not recite what is meant by "due appraisement". The rule was adopted in 1872 as Rule 54, and that part of it providing for appraisement contained no provision that the amount of the appraised value of the vessel should bear interest from the date of the stipulation. The rule was amended in 1891 to provide for such interest. Under the old Rule 54, the question of allowing interest was held to be discretionary in the courts, and under such rule the courts allowed interest in some cases from the date of the collision, and in others, from the date of the bond, or the ad interim stipulation. It is my opinion that the purpose of the amendment of Rule 54 to provide for interest, as now contained in Rule 51, was to take from the courts discretion upon the question of allowing interest, and to fix a rate of interest and when it should commence to run. There is no rule or statute which provides for interest from the date of the collision, or from the date of an ad interim stipulation, and since the adoption of Rule 51 there seems to be no authority for requiring interest from the date of the collision or from the date of an ad interim stipulation.

The taking of an ad interim stipulation is not expressly authorized either by Rule 51 or by the limitation statutes; but it seems that a practice of long standing permits an owner to obtain, ex parte, the issuance of a monition and injunction and release of his vessel if he posts an ad interim stipulation and bond in an amount approved by the Court after examining affidavits presented by the petitioner, as was the case here.

This procedure was recognized in Re Morrison, Petitioner, 147 U.S. 14, 34, 13 S.Ct. 246, 253, 37 L.Ed. 60, as "an irregularity which the district court could correct", upon proper application, by an order for a new or further stipulation. Its propriety was acknowledged in Hartford Accident Co. v. Southern Pacific, 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612, where recovery was allowed on the ad interim stipulation when no petition was filed for re-appraisement by the parties or the claimants. And, in The Ontario No. 1, 2 Cir., 80 F.2d 85, 87, it was held that an ex parte appraisement is a due appraisement if the claimants are thereafter given an opportunity to be heard and to raise the amount, and that the ad interim stipulation based thereon stands as security for all claims pending performance of the condition. But this does not mean that an appraisement by a Commissioner with all parties present is not also a "due appraisement", as contemplated by the rule, when considering the question of interest.

■■ In my opinion, the "due appraisement" referred to in the rule, when considering the time interest commences to run, was intended to mean an appraisement made upon a reference such as was had in this case, or in some other formal way that would give all interested parties an opportunity to be heard. However, in view of the fact that, following a recognized practice of long standing, the ad interim stipulation, under which the vessel was released with the approval of the Court, provided for interest on the amount of $14,641.66, petitioner contends, erroneously from the date of the collision, November 5, 1942, instead of from the date of the ad interim stipulation February 12, 1943, when the petitioner had the right under the rule to deposit said sum into the court without the addition of interest, or give a bond for its payment with interest from the date of the bond, it is my opinion that the order now to be entered should provide that the petitioner, W. S. Sanders, shall within ten days from the entry of the order, pay the sum of $18,030, plus interest on the sum of $14,641.66 at the rate of six per cent. per annum from February 12, 1943, until the date of such payment into the Registry of the Court to the credit of the cause, or give a stipulation for value with sufficient surety in the sum of $18,030 with interest on the sum of $14,641.66 at the rate of six per cent. per annum from February 12, 1943, until the date of the execution of such stipulation and interest on the sum of $18,030 at the rate of six per cent. per annum from the date of such stipulation, said fund to be used, or said stipulation to be conditioned to answer any decree of this Court or any Appellate Court, if an appeal intervenes. Under the facts here claimants should not forego all interest that has accumulated on the ad interim stipulation. However, interest should run on the amount of the ex parte appraisal, $14,641.66, from February 12, 1943, the date of the ad interim stipulation, rather than from November 5, 1942, the date of the collision, and interest on the amount of the adjudicated appraisal, $18,030, should run from the date of *the stipulation* instead of from the date of the ad interim stipulation.

A decree drawn in accordance with this opinion may be presented.