## THE RAPEL.

### Petition of COMPANIA SUD-AMERICANA DE VAPORES.

District Court, S. D. New York.
Feb. 2, 1948.

Reid Cunningham & Freehill, of New York City (Herbert P. Reid, of New York City, of counsel), for petitioner.

Hill, Rivkins & Middleton, of New York City (George B. Warburton, of New York City, of counsel), for claimant.

GRAY WILLIAMS, Special Commissioner.

In pursuance of an order of this Court, this cause was referred to the undersigned, as Commissioner, to take proof and report to this Court as to the amount or value of the interest of the petitioner in the S. S. Rapel and her pending freight, if any, as of May 16, 1944, for the purpose of limitation of liability.

It appears that no other claims herein have been filed except that of the U. S. Commercial Company.

It appears further that this proceeding arose out of the sinking of the S. S. Rapel on May 16, 1944, en route from Lota, Chile, to Punta Arenas, Chile, while the vessel was proceeding through the Chilean island channels. The petition for limitation was filed on November 1, 1945, and on the same day the petitioner filed an ad interim stipulation in the sum of $32,000 undertaking to pay into court the amount of the petitioner's interest in the S. S. Rapel and her pending freight within ten days after entry of an order conforming the report of a commissioner appointed to appraise the amount of such value. With said stipulation the petitioner submitted the affidavit of one German Riesco, general manager in the United States of the petitioner, estimating the value of petitioner's interest and her freight to amount to the sum of $31,211.70. That affidavit, however, reserved the right to contend that the value of the petitioner's interest amounted to less than $31,211.70.

In its answer the claimant has put in issue the value of the petitioner's interest in the S. S. Rapel and her pending freight immediately after her sinking.

Upon the opening of the hearing, Mr. Reid, in behalf of the petitioner, requested the Commissioner to rule upon the question as to which party has the burden of proceeding with the evidence, it being the petitioner's contention that the ad interim stipulation and supporting affidavit heretofore filed by it constitutes "due appraisement" within the meaning of Rule 51 of the General Admiralty Rules of the Supreme Court, 28 U.S.C.A. following section 723, so that the burden of going forward with the evidence has shifted to the claimant.

After hearing argument on the petitioner's request, the Commissioner reserved decision and the parties agreed to adjourn the hearing pending the Commissioner's ruling and the submission of a preliminary report thereon.

The manner of claiming limitation of liability is covered in Rule 51 of the General Admiralty Rules. That rule provides, in part, that a shipowner may file a petition setting forth the facts and circumstances upon which limitation is claimed. It provides further:

"Appraisement: Order for Payment into Court. And thereupon said court, having caused due appraisement to be had of the amount or value of the interest of said owner or owners, respectively, in such ship or vessel and her freight, for the voyage, shall make an order for the payment of the same into court, or for the giving of a stipulation with sufficient sureties * * * into * * * whenever the same shall be ordered."

There is nothing in the Rules which specifically covers the long-standing practice of furnishing an ad interim stipulation pending the "due appraisement" referred to in Rule 51. Nevertheless, the practice of filing an ad interim stipulation undertaking to pay into court the amount subsequently determined as the value of the petitioner's interest in the vessel and her pending freight, is well established in our courts and appears to have been recognized in Hartford Accident & Indemnity Co. v. Southern Pacific Co., 273 U.S. 207, 47 S.Ct. 357, 71 L.Ed. 612; 1927 A.M.C. 402. There, the Supreme Court held that the stipulator on an ad interim stipulation is liable whether the prayer for limitation be granted or not.

The particular point here raised by the petitioner's request does not appear to have been passed on specifically in any reported decision in the Southern District of New York. However, the question has been passed upon the Eastern District of New York in Petition of Wright & Cobb Lighterage Co., D.C. 2 F.Supp. 268, 1933 A.M.C. 265. There a limitation proceeding had been instituted by filing a petition with an averment of the value of the vessel. An order for an ad interim stipulation was signed, based on affidavits of value of the vessel and providing that upon filing of the report of a commissioner, named in the order, to appraise the interest, any party might apply to have the amount changed. The claimant answered, putting in issue the value of the petitioner's interest as stated in the petition. Thereafter, on a hearing before the commissioner, he instructed the damage-claimant to open on the question of value, apparently adhering to the contention of the petitioner there that the ad interim stipulation and supporting affidavits constituted prima facie proof of the value of the petitioner's interest in the vessel and her freight. The claimant objected to the Commissioner's ruling and an adjournment was taken to permit the claimant to bring on a motion for an order compelling the petitioner to open before the Commissioner with proof of the value of its interest. In his opinion granting the claimant's motion, Judge Byers said, in part 2 F.Supp. 268, at page 269, 1933 A.M.C. 265, at page 266:

"The petitioner asserts that the ad interim stipulation based upon those affidavits, constitutes its prima facie proof of the value of its interest, and that the duty now rests upon the claimant to offer proof, if any he has, in opposition thereto.

"Such a position imputes to ex parte affidavits a status which would not be accorded to witnesses called to testify before the commissioner of appraisal, for they would be subject to cross-examination; if they failed to survive it, and the commissioner should call upon the petitioner to offer further testimony on the question of the value of the petitioner's interest, it is clear that such requirement would have to be met.

"Therefore, in the proceeding before the commissioner appointed to appraise, it is clear that the duty to open the proof would rest upon the petitioner, as it would if the court were to conduct the hearing initially."

In support of its contention that the burden of going forward with the evidence has shifted to the damage-claimant, the petitioner cites the decision in The Ontario No. 1, 80 F.2d 85, 1936 A.M.C. 18, handed down by the Circuit Court of Appeals for the Second Circuit. There the petitioner filed the usual ad interim stipulation. Afterward the petitioner sought to procure an order nunc pro tunc granting leave

to cancel the ad interim stipulation and permitting the petitioner to surrender the vessel instead. The Circuit Court of Appeals held that the filing of the ad interim stipulation constituted an election which could not subsequently be revoked by the petitioner. It held that the ex parte appraisement based on affidavits submitted at the time of filing the ad interim stipulation was sufficiently a "due appraisement" within the provisions of Admiralty Rule 51 to constitute an election barring the petitioner from surrendering the vessel to a trustee.

The Ontario No. 1 does not hold that the filing of an ad interim stipulation is a "due appraisement" for all purposes and it is the Commissioner's belief that the doctrine of that case cannot properly be extended beyond the confines of the issue actually before the court, namely, that the filing of an ad interim stipulation constituted an irrevocable election barring the petitioner from subsequently surrendering the vessel instead. The decision in Petition of Wright & Cobb Lighterage Co., supra, was not cited in any of the briefs submitted to the Circuit Court of Appeals and there is nothing in the decision in The Ontario No. 1 to indicate that the appellate court intended to overrule or disapprove the Wright & Cobb case.

The Fairwill, D.C. 56 F.Supp. 887, 1944 A.M.C. 1454, referred to in their memoranda by proctors for both the petitioner and the claimant, seems to involve only the question when interest provided in an ad interim stipulation begins to run. It does not involve the question of burden of going forward with the evidence.

In Benedict on Admiralty, 6th Ed., Vol. 3, Page 432, the author refers to the decision in The Ontario No. 1 as holding that an ex parte appraisement is a "due appraisement" under Rule 51. However, he writes further that:

"Upon a challenge to the valuation of an interim appraisement, the petitioning shipowner has the burden of proving compliance with the conditions which entitled him to limit his liability, and a reference as to the value may be demanded at any time before decree."

The petitioner's alleged valuation has been challenged by the claimant. In the circumstances, there is no more reason to hold that petitioner's ex parte affidavit sustains its burden of proving valuation than to hold that the verification of the petition has sustained the petitioner's burden of proving its right to limitation and exoneration.

Therefore, I rule that the petitioner has the burden of proceeding with the evidence on the taking of proof as to the value of the interest of the petitioner in the S.S. Rapel and her pending freight immediately following the disaster which occurred on May 16, 1944.

All of which is respectfully submitted. The foregoing report was duly confirmed by order.

### Order of Confirmation.

CONGER, District Judge.

It appearing from the records of this Court that, pursuant to an Order dated November 1, 1945, Gray Williams, Esq., was appointed Commissioner to take proof and report to the Court as to the amount or value of the interest of the petitioner in the S.S. Rapel and her pending freight, if any, as of May 16, 1944, for the purpose of limitation of liability, and it further appearing that the respective parties appeared before said Commissioner on the 4th day of December, 1947, as appears by the Commissioner's Preliminary Report and the testimony adduced on such occasion, both of which are on file in the Office of the Clerk of this Court, and it appearing further that said Commissioner has rendered his Preliminary Report, dated January 14, 1948, and filed in the Office of the Clerk of this Court on January 15, 1948, and that the time to except to such report, as prescribed by the rules of this Court, has expired and no exceptions have been taken, it is now on motion of Hill, Rivkins & Middleton, proctors for claimant, U. S. Commercial Company, ordered that the Preliminary Report of said Commissioner, Gray Williams, Esq., be and the same hereby is confirmed in all respects.